THOMAS McMICHAEL, PLAINTIFF-DEFENDANT IN ERROR, v. EASTERN HYDRAULIC PRESS BRICK COMPANY, DEFENDANT-PLAINTIFF IN ERROR.

Submitted June 21, 1910—Decided November 14, 1910.

1. The plaintiff, claiming title to land in an action *quare clausum fregit,* caused it to be surveyed, and the surveyor made a map or draft showing that two parcels of land described in plaintiff's deed adjoined each other. While the surveyor was testifying the map or draft was admitted by the trial court for the purpose of illustration, but not as evidence of any established fact, the error assigned to this ruling being that the court admitted it to be "used for illustration." *Held* that, as admitted and used, the map was nothing more than a diagram to illustrate or explain the testimony of the witness by whom it was prepared, which being discretionary with the trial court is not reviewable upon error.

2. It is not error to refuse to overrule testimony when the objection to it is based upon a conclusion of fact assumed to be proven by other testimony given by the witness, unless no other inference can be drawn from all the witness has testified to on the subject.

3. A motion to strike out all of the testimony of a witness, some of which is indisputably competent, is too broad and properly refused.

On error to the Supreme Court, Camden Circuit.

For the plaintiff in error, *John D. McMullin.*

For the defendant in error, *Carrow & Kraft.*

The opinion of the court was delivered by

BERGEN, J. This is an action *quare clausum fregit* brought to test the right of the defendant to use, what it claims, is a private way. The trespass complained of is the removal by defendant of an obstructing fence placed by the plaintiff across the alleged way to which plaintiff claims title, and in support of it offered in evidence a deed purporting to convey to him two parcels of land by separate descriptions which he

claims adjoin each other, and if he has established this claim then he has shown that he has title to the land over which the way claimed by the defendant passes. The claim of the defendant is that the plaintiff has not, by competent proof, established the fact that the two tracts do adjoin, and that therefore the plaintiff has not shown any title to the alleged way.

The jury having found for the plaintiff, the defendant contends that illegal evidence was admitted by the trial court which influenced the finding of the jury on this branch of the case. It is not denied that both tracts are bounded on the west by what is called the "Marshall Mill road;" that the first tract described in the deed lies south of the second, and that the north line of the first tract and the south line of the second run on precisely the same course.

Mr. Borton, a land surveyor, made a survey of the land and protracted a map showing that the tracts bounded upon each other along the southerly side of the second tract and the northerly side of the first, which, if correct, would show that the two did adjoin, as claimed by the plaintiff. He testified that in running the lines of the first tract, the beginning corner was pointed out to him by the plaintiff and a neighbor, from which point, following the courses given in the deed, allowing for proper magnetic changes, he found all of the monuments called for in it, and on the trial no dispute was made as to the correctness of the survey of this tract. The difficulty arises over the location of the second or northerly parcel, the defendant claiming that the location of this tract, made by the surveyor, is not warranted, and that he had no positive data from which he was justified in joining the two parcels as shown on his draft of the result of his survey, or in his conclusion that the *locus in quo* is within the boundaries of the second tract, as he testified. A number of exceptions to the rulings of the court were taken, and the errors assigned thereon are now to be considered and determined.

The first assignment of error is based upon the admission of a map or draft made by the surveyor showing the result of his survey of both parcels. The record shows that the trial

court only admitted it for the purpose of illustration during the trial, and not as evidence of any established fact, and the error assigned is that the court permitted it to be "used for illustration." As admitted and used it was nothing more than a diagram displayed to illustrate or explain the testimony of the witness by whom it was prepared, which, being discretionary with the trial court, is not reviewable upon error.

The next assignment of error is that Mr. Borton, the surveyor, whose qualification as such was not questioned by any exception, after particularly describing the manner in which he made the survey, was permitted to answer, against objection, the following question: "Have you any doubt in your mind as the result of your experience in your profession that the land which is in controversy now here and called a public road is within the description of the upper tract and belongs to Mr. McMichael?" To which he replied, "I haven't the least doubt." The objection made was put alone upon the ground that the witness had already stated that his sole information as to the location of the upper tract was that received from the plaintiff and a neighbor, which it was claimed was not sufficient to justify any conclusion as to its location. The difficulty with this objection is that it is confined to a single circumstance, while there were other reasons upon which his conclusion might be founded. The witness was asked, upon cross-examination, whether the only reason he had for saying that the two parcels adjoined was that the plaintiff and a neighbor had told him so, and he replied, "That is about so," and it is upon this qualified reply that this exception is based, although, manifestly, it was not intended to entirely exclude every other reason given in his testimony, for the word "about," as used by the witness, means "nearly," indicating that the fact stated in the question to which he was replying was nearly, but not entirely, correct. The record shows that he was informed by the plaintiff and a neighbor where the beginning corner of the first tract was located, and that he ascertained the lines of both tracts by a survey of the land according to the courses and distances given in the deed,

with the assistance of the plaintiff and a neighbor as to the location of the beginning corners. This is not unusual, but customary, and when corners are pointed out they are to be verified by the courses and distances given in the deed. There were other facts not mentioned in the objection made upon which he might rely as a basis for his judgment. Whether they were reasonable or convincing was to be judged by the jury in considering the weight to be given to his conclusion. He had the fact that the course of the south line of one tract and the north line of the other, where he said they adjoined, were precisely the same; that the tracts were in the same locality, one lying north of the other; that the west lines of both were the centre of the same highway, and that both deeds called for a stone in the highway at the end of corresponding courses. He also had the fact that starting at the stone in the Marshall Mill road at the northwesterly corner of the first tract and following the courses given in the deed, the survey of the second closed if bounded on the north line of the lower tract.

The case shows that the beginning point of the first tract was pointed out by the plaintiff and a neighbor, and the survey disclosed that it was correctly given. In surveying the second lot the surveyor started at the stone in the road at the northwest corner of the first tract because the beginning monument of the second tract could not be found, and because the second course of the second tract called for a stone in the Marshall Mill road, and he there found a stone in the line of the course called for in both deeds. All these elements were presumed not to exist in the objection made, which assumed that the sole reason upon which the surveyor based his opinion was information derived from plaintiff and a neighbor, while, considering all the testimony of the witness on this point, it is manifest that there were other facts and circumstances, some of which we have above indicated, which might lead to a different inference and support the conclusion objected to. The court was asked to overrule the evidence upon a ground assumed to be conclusively proven, while if the entire bill of exceptions be considered, a different inference may

be drawn. We think it was not error to refuse to overrule the testimony objected to when, as it appears, the objection was based upon a conclusion of fact assumed to be proven by part of the testimony given by the witness, unless no other inferences than those stated in the objection can be drawn from all the witness testified to on the subject. If different inferences may be drawn, the trial court ought not to consider either conclusively established in passing upon the legality of testimony, the competency of which depends upon the inference to be adopted. To sustain this objection, the trial court was required to assume the fact stated in the objection as conclusively shown by the testimony, and this, we think, it was not required to do under the circumstances shown in this case. In our opinion, the trial court properly refused to sustain the objection.

The next assignment of error challenges the ruling of the trial court in permitting Mr. Turner, the owner of adjoining land, to testify that the two tracts "always adjoined within his recollection." We see no reason why his observation of the physical condition of the ground, and that was all about which he was testifying, was not competent, for his observation would be of fences, the presence of any road between the parcels or other condition indicating whether the ownership appeared to extend to the southerly parcel.

The plaintiff in error also assigns as error the refusal of the court to strike out all the testimony of Mr. Borton, the surveyor, and of the plaintiff. This was not error, for as to Mr. Borton much of his testimony was indisputably competent, and the same may be said of the testimony of the plaintiff, therefore the motion to strike out all of the testimony was too broad and properly refused.

Error is also assigned because the court refused to nonsuit at the close of plaintiff's case or to direct a verdict for defendant at the close of the whole case. There was evidence, if credited by the jury, that the plaintiff was in sufficient possession of the land to sustain his action, and the defence of adverse user was not conclusively made out, so that it was necessary that these questions should be submitted to the jury.

The remaining assignments of error have been examined and found to be without merit. Finding no error in the record, the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, JJ. 13.

*For reversal*—None.